Chief Judge Desmond (dissenting).
The holding that the six-year limitation is available to respondent because this is an “ action on a contract ” (-CPLR 213) is correct if, forgetting all else, we consider only the circumstance that respondent’s right to recover from MVAIC is expressed in a rider to an *82 insurance policy. But the result (six years instead of three for beginning a litigation for personal injuries) is so obviously unreasonable and unintended that we should look at the larger picture. The whole concept of MVAIC was a legislative creation intended to secure to injured persons like these the same protections (subject to dollar limits) they would have had as to their tort-feasors had their injuries been caused by insured cars or drivers who did not hit and run (see Legislative Declaration of Purpose, Insurance Law, § 600; 2 Encyclopedia of New York Law, Automobiles, ch. 16, Insurance [1965 Supp.], § 1350). The policy rider here sued upon was a mere instrumentality for carrying out the legislative mandate and so it is legislative intent we should be looking for. To say in these days of struggle against litigation delays that the Legislature for no discoverable reason gave this class of claimants three years longer to commence suit than they would have had to sue in the more usual situation is to ascribe to the Legislature an incredible purpose.
The order should be reversed and the stay of arbitration granted in each case.
In each of the above-entitled proceedings: Judges Burke, Bergan and Keating concur with Judge Fuld; Chief Judge Desmond dissents and votes to reverse the order and to grant the stay of arbitration in an opinion in which Judges Van Vooehis and Scileppi concur.
Orders affirmed.